# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM SQUIRES, JESSE BADKE, AHMED KHALIL, DOMINICK VISCARDI, MICHELLE NIDEVER, JOHN MURPHY, KEVIN NEUER, NICHOLAS WILLIAMS, and LAWRENCE BAKER, on behalf of themselves and all others similarly situated, | § § § § § § § § | |
| v. | § § § | Civil Action No. 4:18-CV-138 Judge Mazzant |
| TOYOTA MOTOR CORP, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR SALES, U.S.A., INC., | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Toyota Motor Corp; Toyota Motor North America, Inc.; and Toyota Motor Sales, U.S.A., Inc.'s Partial Motion to Dismiss Amended Class Action Complaint and Motion to Strike Class Allegations (Dkt. #16). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted in part and denied in part (Dkt. #16).

## BACKGROUND

Oh March 1, 2018, Plaintiffs William Squires, Jesse Badke, Ahmed Khalil, Dominick Viscardi, Michelle Nidever, John Murphy, Kevin Neuer, Nicholas Williams, and Lawrence Baker filed this suit (Dkt. #1). On May 23, 2018, Plaintiffs filed their First Amended Complaint (Dkt. #15). Plaintiffs are current and former owners and lessees of Fourth Generation Model Years 2016-17 Toyota Prius vehicles ("Prius") (Dkt. #15 ¶ 1). Plaintiffs allege the Prius contains a defect that causes the windshields of the vehicle to unexpectedly crack in foreseeable driving conditions

(Dkt. #15 ¶ 2). Plaintiffs seek to certify a nation-wide class action on behalf of themselves and other current and former owners of the Prius (Dkt. #15 ¶¶ 1, 137–46).

Defendants filed their Partial Motion to Dismiss Amended Class Action Complaint and Motion to Strike Class Allegations on June 21, 2018 (Dkt. #16). Defendants argue the Court should strike Plaintiffs' Proposed class and subclass definitions and Plaintiffs fail to sufficiently allege certain causes of action (Dkt. #16). Plaintiffs filed a response to the motion on July 23, 2018 (Dkt. #24). Defendants filed a reply in support of the motion on August 3, 2018 (Dkt. #29).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600,

603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**ANALYSIS**

Defendants argue the Court should strike Plaintiffs' Proposed class and subclass definitions and Plaintiffs fail to sufficiently allege certain causes of action (Dkt. #16). Plaintiffs oppose all of Defendants' arguments, but withdraw Plaintiffs' Rhode Island Deceptive Trade Practice Act claims (Dkt. #24 at p. 12 n.2). Accordingly, the Court grants Defendants' motion to the extent it seeks dismissal of Plaintiffs' Rhode Island Deceptive Trade Practice Act claims.

3

Concerning the remaining issues, after reviewing the complaint, motion to dismiss, response, and reply, the Court finds Defendants' arguments are better addressed at the certification stage as Plaintiffs' claims are sufficiently alleged to defeat a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Partial Motion to Dismiss Amended Class Action Complaint and Motion to Strike Class Allegations (Dkt. #16) is hereby **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court dismisses Plaintiffs' Rhode Island Deceptive Trade Practice Act claims. The Court denies all other relief requested.

**IT IS SO ORDERED.**

**SIGNED this 21st day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE