# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

WILLIAM SQUIRES, JESSE BADKE, §
AHMED KHALIL, MICHELLE NIDEVER, §
JOHN MURPHY, KEVIN NEUER, §
NICHOLAS WILLIAMS, and DONNA SUE §
SCOTT, on behalf of themselves and all §
others similarly situated, §
§
    *Plaintiffs*, §
§
§
v. §
§
TOYOTA MOTOR CORP., TOYOTA §
MOTOR NORTH AMERICA, INC., and §
TOYOTA MOTOR SALES, U.S.A., INC., §
§
    *Defendants*. §

CIVIL ACTION NO. 4:18-CV-00138
Judge Mazzant

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Depositions of Toyota Employees (Dkt. #100). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be denied.

## BACKGROUND

On March 1, 2018, Plaintiffs William Squires, Jesse Badke, Ahmed Khalil, Dominick Viscardi, Michelle Nidever, John Murphy, Kevin Neuer, Nicholas Williams, and Lawrence Baker filed this suit (Dkt. #1). On May 23, 2018, Plaintiffs filed their First Amended Complaint (Dkt. #15). Plaintiffs are current and former owners and lessees of Fourth Generation Model Years 2016-17 Toyota Prius vehicles ("Prius") (Dkt. #15 ¶ 1). Plaintiffs allege the Prius contains a defect that causes the windshields of the vehicle to unexpectedly crack in foreseeable driving conditions

(Dkt. #15 ¶ 2). Plaintiffs seek to certify a nation-wide class action on behalf of themselves and other current and former owners of the Prius (Dkt. #15 ¶¶ 1, 137–46).

On January 4, 2021, Plaintiffs filed the present motion (Dkt. #100). On January 25, 2021, Toyota filed a response (Dkt. #110).[1] On February 3, 2021, Plaintiffs filed a reply (Dkt. #118). On February 10, 2021, Toyota filed a sur-reply (Dkt. #119).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #39 at p. 4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and

---

[1] "Toyota" collectively refers to Toyota Motor Company ("TMC"), Toyota Motor Sales, U.S.A., Inc. ("TMS"), and Toyota Motor North America, Inc. ("TMNA").

2

information sought are discoverable. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery

may have little information about the burden or expense of responding.  *Id.*  "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination."  *Id.*

## ANALYSIS

Plaintiffs ask the Court to compel the dispositions of two Toyota employees: Seiho Yonezawa ("Yonezawa") and Norihiro Kamo ("Kamo") (collectively, the "Deponents").  In support of their request, Plaintiffs assert both that they could not have identified the Deponents until late 2019, and that the Deponents possess unique information Plaintiffs' need.  Further, Plaintiffs contend that the Deponents' testimony will inform class certification and expert proceedings.  According to Plaintiffs, Toyota Motor Company ("TMC") deleted documents that may shed light on the Deponents' analyses and thought processes, thus necessitating depositions. Finally, Plaintiffs note that Japanese law prohibits the Deponents from appearing within Japan.

Toyota first responds that the Court does not have jurisdiction to compel the Deponents. Regarding an agreement, Toyota argues that, contrary to Plaintiffs' argument, it did not agree to present all Toyota employees located in Japan for a deposition in Dallas.  Toyota further claims that, in any event, the pandemic justifies departing from any such agreement.  Toyota asserts that the Deponents have limited knowledge about the investigation of the Prius windshields, and other U.S.-based witnesses with more relevant knowledge are readily available for deposition.

## I.    Location of Depositions

As an initial matter, the parties do not dispute that the depositions may not presently be taken in Japan.  Obtaining evidence in Japan in civil matters is governed by, among other sources, the U.S.-Japan bilateral Consular Convention of 1963 (the "Treaty").[2]  Article 17 of the Treaty

---

[2] Japan is not a country to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters.

requires depositions to either take place in the U.S. Consulate or the U.S. Embassy—both of which are currently closed due to the COVID-19 pandemic.[3]  Neither location is taking reservations until further notice.  Thus, the Deponents would necessarily have to travel outside Japan to partake in the requested depositions.

## II. Court's Subpoena Power

A party's access to discovery is, as a general rule, incredibly broad.  *See* FED. R. CIV. P. 26(b)(1).  However, the Federal Rules of Civil Procedure do place certain limitations on the availability of discovery.  Relevant to the present action, Rule 45 limits the Court's subpoena power.  "A subpoena may command a person to attend a . . . deposition" only in two circumstances: (1) "within 100 miles of where the person resides, is employed, or regularly transacts business in person[;] or" (2) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer; or . . . is commanded to attend a trial and would not incur substantial expense."  FED. R. CIV. P. 45(c)(1).  More directly: "a district court cannot use its subpoena power to compel a witness to travel more than 100 miles."  *West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237 (5th Cir. 1988).  Moreover, "[i]t is well settled that '[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principle place of business,' especially when . . . the corporation is the defendant."  *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (quoting 8 Charles Wright & Arthur R. Miller, Federal Practice and Procedure § 2112 (1970)).

Here, Plaintiffs seek to depose "two TMC employees who played central roles in Toyota's investigation" (Dkt. #100 at p. 2).  Plaintiffs concede, however, that the witnesses are non-party

---

[3] *See* Embassy of Japan in the United States of America, *To Attend Deposition Taking by U.S. Counsul*, https://www.us.emb-japan.go.jp/english/html/travel_and_visa/visa/other-deposition.html.

fact witnesses (*see* Dkt. #100 at p. 14).[4]  Further, no dispute exists that the Deponents are citizens of and reside in Japan—over 6,000 miles from Texas.

"When a potential deponent is not a citizen of the United States, the deponent may appear voluntarily or when compelled through the appropriate international means of obtaining discovery." *Rubaroc, USA, Inc. v. RubCorp, L.L.C.*, No. 4:19-cv-080-SDJ, 2019 WL 7905457, at *2 (Nov. 25, 2019) (citations omitted).  "If the deponent must be compelled, the party seeking to compel the deposition must use the appropriate international means." *Id.* (citations omitted).  "If the party seeking to compel the deposition of an unwilling, non-citizen, non-party living abroad does not act in accordance with the appropriate international means and controlling laws, a federal district court, alone, cannot compel the deposition." *Rubaroc*, 2019 WL 7905457, at *2 (first citing *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002); and then citing *EFCO Corp. v. Aluma Sys. USA, Inc.*, 145 F. Supp. 2d 1040, 1048 (S.D. Iowa 2000)).

No facts indicate that the Deponents are willing to appear voluntarily.  In fact, quite the opposite can be inferred by Toyota's response to Plaintiffs' motion to compel.  Further, Plaintiffs do not argue that they employed the appropriate international means.  As such, and after noting that the Deponents neither live within 100 miles of the Court nor could sit for a deposition within 100 miles of their homes, the Court recognizes that it does not have subpoena power under Rule 45 to compel the depositions of Deponents.  That finding alone does not end the Court's analysis, however.  The Court must also determine what effect, if any, the agreement made between the parties regarding the modification of discovery (the "Agreement") has on the Court's ability to

---

[4] Plaintiffs specifically state that "[o]nly through a live fact-witness deposition, that Plaintiffs expect to take remotely, can Plaintiffs effectively examine the deponents" (Dkt. #100 at p. 14).

compel the Deponents to sit for a remote deposition—despite the inability of the Court to do so under the Rules.[5]

### III.    Parties' Agreement

Plaintiffs rely heavily—if not solely—on the Agreement.  Plaintiffs assert that "the question here is whether this Court has jurisdiction to enforce an agreement regarding depositions against a party over whom the Court clearly has jurisdiction" (Dkt .#118 at p. 4).  Further, "Plaintiffs request the Court order Toyota to abide by its Agreement" (Dkt. #118 at p. 4).

Toyota "disputes that the Agreement extends to production of individual fact witnesses," and "the Court need not resolve the question of scope to resolve this motion—it need only ascertain whether 'good cause' is shown on the record" (Dkt. #119 at p. 3).  Put another way: "the scope [of the Agreement] is irrelevant since the Agreement, even if applicable, would by its own terms excuse, upon a showing of good cause, any obligation to produce the foreign witnesses during the pandemic" (Dkt. #119 at p. 3).

Plaintiffs classify the Agreement as one formed pursuant to Texas Rule of Civil Procedure 11.[6]  However, Toyota does not appear to contest the validity of the Agreement—rather, Toyota disputes the scope.  The Court will therefore begin by considering whether, assuming the Agreement is valid and enforceable as to the Deponents, good cause exists to modify the Agreement.

On approximately April 25, 2018, the parties entered into an agreement that modified discovery and service obligations (*see* Dkt. #110, Exhibit 3).  Specifically, the Agreement stated

---

[5] The Court assumes without deciding that Plaintiffs' argument that "[t]he Agreement supersedes Plaintiffs' obligation to seek international discovery[,]" (Dkt. #118 at p. 3), is meritorious.

[6] Plaintiffs further claim that such Rule 11 agreement is enforceable as a "substantive agreement under Fifth Circuit precedent" (Dkt. #118 at p. 3) (citing *Condit Chem. & Grain Co., Inc. v. Helena Chem. Corp.*, 789 F.2d 1101, 1102 (5th Cir. 1986)).

that "in the spirit of cooperation, TMC would be willing, for purposes of this action only, to forego the formalities of the Hague Service Convention and voluntarily appear in exchange for Plaintiffs' agreement to the following terms and conditions regarding deadlines and discovery in this action" (Dkt. #110, Exhibit 3 at p. 2). Of particular relevance, Plaintiffs agreed that "[a]ny TMC deposition [would] be scheduled with at least 60 days' written notice, and any TMS and/or TMNA deposition [would] be scheduled with at least 30 days' written notice" (Dkt. #110, Exhibit 3 at p. 2). Further, Plaintiffs agreed that "[a]ny such deposition [would] occur in the Dallas/Plano area at a location of TMC's, TMS' and/or TMNA's choosing" (Dkt. #110, Exhibit 3 at p. 2). Both parties expressly "reserve[d] all of their respective rights to serve and object to discovery requests[,]"and the right "to seek relief from the Court, on a showing of good cause, to modify [the] agreement" (Dkt. #110, Exhibit 3 at p. 2).

The issue before the Court does not involve a desire for in-person depositions—as has previously been discussed by district courts and likely was the intent of the parties in 2018. Rather, the issue revolves around the safety of non-citizen, non-party witnesses in traveling out of, and back into, Japan. Of particular concern, Japan reimposed a state of emergency—effective April 25, 2021—for Tokyo, Osaka, Hyogo, and Kyoto prefectures. *See* U.S. Embassy & Consulates in Japan, *COVID-19 Information*, https://jp.usembassy.gov/covid-19-information/ (updated April 27, 2021). [7] Further, travel is still restricted, and Japan is taking severe precautionary measures to ensure that COVID-19 does not further spread into the country. *See* Japan, *Coronavirus (COVID-19) Advisory Information*, https://www.japan.travel/en/coronavirus/#measures_government (updated April 28, 2021). While Plaintiffs seek remote depositions, which do limit the physical contact that individuals have with one another, these depositions cannot occur in Japan. Thus, the

---

[7] The state of emergency is set to expire on May 11, 2021, but no guarantees exist that the declaration will not be extended further. *See COVID-19 Information*.

Deponents will have to travel to either a non-U.S. country or Hawaii. The Deponents will then have to travel back to Japan following conclusion of the depositions. While the number of positive COVID-19 cases necessarily fluctuate as vaccines become available and people recover, the week of April 19, 2021 alone saw 5,733,169 confirmed cases globally. *See* World Health Organization, *WHO Coronavirus (COVID-19) Dashboard*, https://covid19.who.int/ (updated April 28, 2021). That is an increase of 457,415 cases from the week before. *See WHO Coronavirus (COVID-19) Dashboard*. The climbing infection rate, coupled with the emergency declaration reimposed by the Deponents home country of Japan, support a finding that good cause exists to modify the Agreement.

Further, Plaintiffs have not exhausted all their options to attempt to obtain the information sought by the Deponents. Plaintiffs claim that the "Deponents possess unique information" that "will inform class certification and expert proceedings" (Dkt. #100 at p. 5, 8). Plaintiffs also contend that "the only relevant question is whether there exists less burdensome means of securing their testimony, or an adequate substitute therefore, which does not necessitate international travel" (Dkt. #100 at p. 13). Plaintiffs assert that such does not exist, yet they have not attempted other means not involving the Deponents.

Considering the growing concern over the state of the pandemic, and the declarations submitted by the Deponents, the Court finds that lesser alternatives presently exist for Plaintiffs to garner the information sought. Notably, Toyota has offered two U.S.-based witnesses, Brad Wyatt ("Wyatt") and Richard Yamashita ("Yamashita"), for deposition by Plaintiffs. Toyota asserts that Wyatt and Yamashita have the same, or more, information sought by the Deponents. Further, the Deponents expressly disclaimed having knowledge on the particular topics Plaintiffs wish to explore (*see* Dkt. #110, Exhibit 9); (*see also* Dkt. #110, Exhibit 10). To that effect, Kamo asserts

that "the U.S.-based employees were more involved in the investigation" into Prius windshields from 2016 through 2017 (Dkt. #110, Exhibit 9 at p. 1). Yamashito claims that he cannot answer the questions Plaintiffs desire to ask (Dkt. #110, Exhibit 10 at p. 2).

Plaintiffs' argument that Rule 30(b)(6) depositions of U.S.-based employees will not "satisfy Plaintiffs' needs" because "Plaintiffs do not seek to examine the Deponents concerning Toyota's policies, procedures, or institutional knowledge" is, at present, unpersuasive. Plaintiffs claim the "personal experiences" of the Deponents prevent a Rule 30(b)(6) deposition from being effective, but yet the Deponents have disclaimed that personal experience. While the Court does not attempt to determine the credibility of the Deponents, it still takes into account their declarations and the statements contained therein. Those declarations, combined with the current state of the COVID-19 pandemic, support requiring Plaintiffs to seek the desired information elsewhere before compelling the Deponents to fly to either the United States or another country in order to sit for a remote deposition.

"The legal system must persevere while taking into account the health and safety of all those made part of the process." *Gonzelez v. Irontiger Logistics*, No. , 2020 WL 6218560, at *2 (S.D. Tex. Oct. 22, 2020). Delaying the depositions of the specific Deponents while the pandemic is still rampant, and escalating, is both prudent and necessary. Importantly, however, discovery will be not halted by the delay; rather, Plaintiffs have the opportunity to explore the same information through other identified witnesses. The Court is not precluding the depositions of the Deponents if the need arises after other means of discovery have been exhausted and shown inadequate. In fact, Toyota does not appear to seek the extreme remedy of an outright prohibition of the depositions: "Toyota . . . requests this Court . . . require Plaintiffs to try other discovery

methods *while the pandemic is still a significant concern* to [Deponents]" (Dkt. #119 at p. 6) (emphasis added).

Considering all circumstances described above, the Court finds good cause to modify the Agreement. The Deponents will therefore not be required to sit for a remote deposition until other means of discovery have been utilized and are found to be ineffective. Inherent in the Court's ruling is, upon that later showing of ineffectiveness of other discovery means, Plaintiffs may again seek an order compelling the Deponents to travel and sit for depositions.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Compel Depositions of Toyota Employees (Dkt. #100) is hereby **DENIED**.

**SIGNED this 7th day of May, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE